Fulton County Sheriff's Office
Civil Process
Received

**SHERIFF'S ENTRY OF SERVICE**

**JUL 16 2014**

| SHERIFF'S ENTRY OF SERVICE | 185 Central Ave, 9th Floor |
| | Atlanta, GA 30303 |

| | Superior Court ☒ | Magistrate Court ☐ |
| | State Court ☐ | Probate Court ☐ |
| | Juvenile Court ☐ | |

Civil Action No. 14CV66604-10

Date Filed 7/1/2014

Georgia, DeKalb COUNTY

☒ Attorney's Address
DeLong Caldwell Bridgers &
Fitzpatrick, LLC
101 Marietta St., NW, Suite 3100
Atlanta, GA 30303

Latrice Hillaire

_____ Plaintiff

Name and Address of Party to be Served.

VS.

Res-Care, Inc.

○ Res-Care Inc. C/o
CT Corporation System
1201 Peachtree St, NE

_____ Defendant

Atlanta, GA 30361
(Fulton County)

_____ Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

**NOTORIOUS** ☐ Delivered same into hands of_____described as follows:
age, about _____ years; weight _____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐ Served the defendant RES-CARE, INC. a corporation
by leaving a copy of the within action and summons with CHEDWARD CT CORP
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail,
First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed
thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This 12 day of Aug, 20 14.

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT



July 14, 2014

**VIA FIRST CLASS U.S. MAIL**
Fulton County Sheriff's Department
Fulton County Justice Center Tower
185 Central Avenue, S.W.
Atlanta, GA 30303

Re: *Latrice Hillaire v. Res-Care, Inc.*
DeKalb County Superior Court, Case No. 14cv6664-10

Dear Sir/Madam:

Enclosed herein please find the originals and one copy of: Civil Case Filing Information Form, Summons and Complaint marked "Second Original" by the DeKalb County Superior Court.

Please serve Defendant Res-Care, Inc. through its registered agent CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361, complete the enclosed Entry of Service and return same to this office in the enclosed, self-addressed and stamped envelope.

Also enclosed please find check #1005 in the amount of $50.00 representing your service fee.

Please do not hesitate to contact me with any questions. I thank you in advance for your kind assistance.

Sincerely,

Jessica L. Sorrenti
Paralegal
jessicasorrenti@dcbflegal.com

/jls
Enclosures
- **Complaint marked "Second Original"**
- **Summons marked "Second Original"**
- **General Civil Case Filing Information Form marked "Second Original"**
- **Proof of Service form**
- **Check**

Telephone 404.979.3150 • Facsimile 404.979.3170 • dcbflegal.com • 3100 Centennial Tower, 101 Marietta Street, NW, Atlanta, Georgia 30303

DeLong • Caldwell • Bridgers • Fitzpatrick

2nd Orig. to
County,_____day
of_____20____  FILED

# General Civil Case Filing Information Form (Non-Domestic)

| | |
|---|---|
| **Court** | County DeKalb     Date Filed _____ |
| ☑ Superior | MM-DD-YYYY   2014 JUL -1 PM 3:05 |
| ☐ State | Docket # 14CV6664-10 |

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

**Plaintiff(s)**
Hillaire, Latrice

| Last | First | Middle I. Suffix Prefix | Maiden |
|---|---|---|---|
| Last | First | Middle I. Suffix Prefix | Maiden |
| Last | First | Middle I. Suffix Prefix | Maiden |
| Last | First | Middle I. Suffix Prefix | Maiden |

**Defendant(s)**
Res-Care, Inc.

| Last | First | Middle I. Suffix Prefix | Maiden |
|---|---|---|---|
| Last | First | Middle I. Suffix Prefix | Maiden |
| Last | First | Middle I. Suffix Prefix | Maiden |
| Last | First | Middle I. Suffix Prefix | Maiden |

**No. of Plaintiffs** 1

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**     ☐ Pro Se

Caldwell     Michael     A.
Last          First       Middle I.    Suffix

**Bar #** 102775

---

### Check Primary Type (Check only ONE)

☑ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify Employment

---

### If Tort is Case Type:
(Check no more than **TWO**)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes ☑ No

---

SERVICE COPY

2nd Orig. to _____
County, _____ day
of _____ 20 ___

IN THE SUPERIOR COURT OF DEKALB COUNTY

## STATE OF GEORGIA

Latrice Hillaire

CIVIL ACTION
NUMBER ___ 14CV6664-10

_____ PLAINTIFF

VS.

Res-Care, Inc.

_____ DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Res-Care, Inc. through CT Corporation System
1201 Peachtree Street NE, Atlanta, GA 30361

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney whose name and address is: Michael A. Caldwell
Charles R. Bridgers
Delong Caldwell Bridgers & Fitzpatrick, LLC
101 Marietta street NW
Atlanta, GA 30303
an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This ___ 1 ___ day of ___ July ___, 2014

Debra DeBerry
Clerk of Superior Court

By _____
                          Deputy Clerk

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 04

2nd Orig. to
County, _____ day
of _____ FILED 20__

## SUPERIOR COURT OF DEKALB COUNTY
### STATE OF GEORGIA

2014 JUL -1  PM 3: 06

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

LATRICE HILLAIRE,

    Plaintiff,

vs.

RES-CARE, INC.,

    Defendants.

:
:
:
:
:
:
:
:
:
:
:

Civil Action Number: 14CV6664-10

<u>Jury Trial Demanded</u>

## COMPLAINT

Plaintiff Latrice Hillaire ("Ms. Hillaire"), by and through undersigned counsel brings this Complaint against Defendant Res-Care, Inc. ("Res-Care") and shows the Court as follows:

## INTRODUCTION

### 1.

Ms. Hillaire brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but unpaid overtime compensation; (2) an additional like amount as liquidated damages; and (3) and to be reimbursed her costs of litigation, including her reasonable attorneys' fees.

- 1 -

2.

Ms. Hillaire also asserts additional claims which arise out of the same set of operating facts.  These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action.

4.

Venue properly lies in the Superior Court of DeKalb County because Res-Care is located and did business in in DeKalb County, Georgia.

## THE PARTIES

5.

Ms. Hillaire resides in DeKalb County, Georgia.

6.

Res-Care employed Ms. Hillaire as a House Manager in and around Zemory Drive, Tucker, Georgia from January 13, 2014 until April 10, 2014.

7.

At all times material hereto, Ms. Hillaire has been an "employee" of Res-Care as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

- 2 -

8.

From on or about January 13, 2014 until April 10, 2014, Ms. Hillaire has been "engaged in commerce" as an employee of Res-Care as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Res-Care is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Res-Care has been an "employer" of Ms. Hillaire as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about January 13, 2014 until April 10, 2014, Res-Care was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2014, Res-Care had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

- 3 -

13.

During 2014, Res-Care had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During the relevant time period, two or more employees of Res-Care, including Plaintiff, used or handled the following items that moved in interstate commerce that are necessary for performing ResCare's commercial purpose: food, beverages, cleaning fluids, linens, medical supplies, vehicles, gasoline, automobile oil and cellular telephones.

15.

During 2014, Res-Care had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Res-Care has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

17.

Res-Care is subject to the personal jurisdiction of this Court.

- 4 -

18.

Res-Care may be served with process through its registered agent CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

19.

At all times material hereto, Ms. Hillaire was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

20.

At all times material hereto, Res-Care did not employ Ms. Hillaire in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

21.

At all times material hereto, Res-Care did not employ Ms. Hillaire in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

22.

At all times material hereto, Res-Care did not employ Ms. Hillaire in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

23.

At all times material hereto, Res-Care did not employ Ms. Hillaire in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

24.

At all times material hereto, the facility in which Ms. Hillaire performed her duties

housed two or more, non-related individuals.

25.

At all times material hereto, the individuals living at the facility in which Ms. Hillaire

performed her duties paid Res-Care for those services.

26.

At all times material hereto, Ms. Hillaire did not perform her duties at an individual

home.

27.

At all times material hereto, Res-Care advised Ms. Hillaire that her working hours

would be 1:00 p.m. to 9:00 a.m.

28.

At all times relevant hereto, Ms. Hillaire regularly worked from 7:00 a.m. until

11:00 p.m., Monday through Friday.

29.

During the relevant time period, Ms. Hillaire worked three (3) Saturdays on

Defendant's behalf.

30.

During the relevant time period, Ms. Hillaire was one of only three (3) full-time employees assigned to the home located on Zemory Drive, Tucker, Georgia.

31.

Res-Care failed to pay Ms. Hillaire for all hours that she worked.

32.

At all times material hereto, Res-Care regularly and customarily undercounted the number of hours that Ms. Hillaire actually worked.

33.

At all times material hereto, Res-Care misclassified Ms. Hillaire as an exempt employee.

## COUNT I — FAILURE TO PAY OVERTIME

34.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

35.

At all times material hereto, Ms. Hillaire has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

36.

During her employment with Res-Care, Ms. Hillaire regularly worked in excess of forty (40) hours each week.

37.

Res-Care failed to pay Ms. Hillaire at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 13, 2014 through April 10, 2014.

38.

Res-Care willfully failed to pay Ms. Hillaire at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 13, 2014 through April 10, 2014.

39.

Ms. Hillaire is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

40.

As a result of the underpayment of overtime compensation as alleged above, Ms. Hillaire is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

41.

As a result of the underpayment of overtime compensation as alleged above, Ms. Hillaire is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT

42.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

43.

Ms. Hillaire and Res-Care were parties to a contract of employment (hereafter "the Contract") from on or about January 13, 2014 through April 10, 2014.

44.

The Contract provided that Res-Care would pay Ms. Hillaire for work that was performed by Ms. Hillaire on behalf of and for the benefit of Res-Care.

45.

Res-Care's failure to pay Ms. Hillaire for all hours she worked from on or about January 13, 2014 through April 10, 2014 constitutes a material breach of the Contract.

46.

As the direct and foreseeable result of this breach, Ms. Hillaire has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT III – QUANTUM MERUIT

47.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

48.

From on or about January 13, 2014 through April 10, 2014, Ms. Hillaire served as a House Manager for Res-Care.

49.

Ms. Hillaire's service as a House Manager for Res-Care as described above was valuable to Res-Care.

50.

Res-Care requested Ms. Hillaire's service as a House Manager.

51.

Res-Care knowingly accepted Ms. Hillaire's service as a House Manager.

52.

The receipt of Ms. Hillaire's services as a House Manager for Res-Care without compensation would be unjust.

53.

Ms. Hillaire expected to be compensated at the time she provided her services as a House Manager.

54.

Ms. Hillaire is entitled to a recover from Res-Care the reasonable value of the services she provided as a House Manager for Res-Care, in an amount to be determined at trial.

## COUNT IV - PROMISSORY ESTOPPEL

55.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

56.

On January 13, 2014, Res-Care promised to pay Ms. Hillaire in return for her service as a House Manager for them.

57.

Res-Care should have reasonably expected that Ms. Hillaire would induce action in reliance of said promise, i.e., serve as a House Manager for Res-Care.

58.

Res-Care's promise induced Ms. Hillaire to act in reliance thereof, i.e., to serve as a House Manager for Res-Care, to her detriment.

59.

Ms. Hillaire's service as a House Manager for Res-Care conferred a benefit on Res-Care.

60.

Res-Care failed to pay Ms. Hillaire in accordance with their promise.

61.

Ms. Hillaire relied on Res-Care's promise.

62.

Ms. Hillaire's reliance on Res-Care's promise was reasonable.

63.

Injustice can only be avoided by enforcement of Res-Care's promise.

64.

Ms. Hillaire is entitled to a recover from Res-Care the reasonable value of the

services she provided as a House Manager for Res-Care, in an amount to be determined

at trial.

WHEREFORE, Ms. Hillaire respectfully prays:

1. That Ms. Hillaire's claims be tried before a jury;

2. That Ms. Hillaire be awarded an amount to be determined at trial against Res-Care in

unpaid overtime compensation due under the FLSA, plus an additional like amount in

liquidated damages;

3. That Ms. Hillaire have and recover judgment against Res-Care for the pendent State

claims herein asserted in amounts to be proved at trial;

4. That Ms. Hillaire be awarded costs of litigation, including her reasonable attorneys'

fees from Res-Care; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

MICHAEL A. CALDWELL
GA. BAR NO. 102775

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

CHARLES R. BRIDGERS
GA. BAR NO. 080791

COUNSEL FOR PLAINTIFF

- 14 -

2nd Orig. to
County,_____day
of_____20__   FILED

## General Civil Case Filing Information Form (Non-Domestic)

| Court | County DeKalb | Date Filed |
| --- | --- | --- |
| ☑ Superior | Docket # 14CV6664-10 | MM-DD-YYYY |
| ☐ State | | |

2014 JUL -1  PM 3: 05

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

**Plaintiff(s)**
Hillaire, Latrice

| Last | First | Middle I. | Suffix | Prefix | | Maiden |
| --- | --- | --- | --- | --- | --- | --- |
| Last | First | Middle I. | Suffix | Prefix | | Maiden |
| Last | First | Middle I. | Suffix | Prefix | | Maiden |
| Last | First | Middle I. | Suffix | Prefix | | Maiden |

**Defendant(s)**
Res-Care, Inc.

| Last | First | Middle I. | Suffix | Prefix | Maiden |
| --- | --- | --- | --- | --- | --- |
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |
| Last | First | Middle I. | Suffix | Prefix | Maiden |

**No. of Plaintiffs** 1

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney**   ☐ Pro Se

| Caldwell | Michael | A. | |
| --- | --- | --- | --- |
| Last | First | Middle I. | Suffix |

**Bar #** 102775

### Check Primary Type (Check only ONE)

☑ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify  Employment

### If Tort is Case Type:
(Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

**Are Punitive Damages Pleaded?** ☐ Yes ☑ No

2nd Orig. to _____
County, _____ day
of _____ 20___

## IN THE SUPERIOR COURT OF DEKALB COUNTY

## STATE OF GEORGIA

Latrice Hillaire

_____

_____

**PLAINTIFF**

VS.

Res-Care, Inc.

_____

_____

**DEFENDANT**

CIVIL ACTION
NUMBER _____ 14CV6664-10

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: Res-Care, Inc. through CT Corporation System
1201 Peachtree Street NE, Atlanta, GA 30361
    You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's
attorney whose name and address is: Michael A. Caldwell
Charles R. Bridgers
Delong Caldwell Bridgers & Fitzpatrick, LLC
101 Marietta Street NW
Atlanta, GA 30303

an answer to the complaint which is herewith served upon you, within 30 days after service of summons upon you,
exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief de-
manded in the complaint.

This_____1_____ day of _____July__, 2014

Debra DeBerry
Clerk of Superior Court

By_____
                       Deputy Clerk

**Instructions:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev 04

2nd Orig. to _____
County, _____ day
of _____ 20___

FILED

2014 JUL -1 PM 3: 06

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

## SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **LATRICE HILLAIRE,** | : | |
| | : | **Civil Action Number:** 14CV6664-1C |
| **Plaintiff,** | : | |
| | : | |
| | : | |
| **vs.** | : | <u>Jury Trial Demanded</u> |
| | : | |
| | : | |
| **RES-CARE, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

### COMPLAINT

Plaintiff Latrice Hillaire ("Ms. Hillaire"), by and through undersigned counsel

brings this Complaint against Defendant Res-Care, Inc. ("Res-Care") and shows the

Court as follows:

### INTRODUCTION

1.

Ms. Hillaire brings this action under the Fair Labor Standards Act of 1938 (as

amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but

unpaid overtime compensation; (2) an additional like amount as liquidated damages; and

(3) and to be reimbursed her costs of litigation, including her reasonable attorneys' fees.

- 1 -

2.

Ms. Hillaire also asserts additional claims which arise out of the same set of operating facts.  These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action.

4.

Venue properly lies in the Superior Court of DeKalb County because Res-Care is located and did business in in DeKalb County, Georgia.

## THE PARTIES

5.

Ms. Hillaire resides in DeKalb County, Georgia.

6.

Res-Care employed Ms. Hillaire as a House Manager in and around Zemory Drive, Tucker, Georgia from January 13, 2014 until April 10, 2014.

7.

At all times material hereto, Ms. Hillaire has been an "employee" of Res-Care as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

- 2 -

8.

From on or about January 13, 2014 until April 10, 2014, Ms. Hillaire has been "engaged in commerce" as an employee of Res-Care as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Res-Care is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Res-Care has been an "employer" of Ms. Hillaire as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about January 13, 2014 until April 10, 2014, Res-Care was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2014, Res-Care had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2014, Res-Care had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

14.

During the relevant time period, two or more employees of Res-Care, including Plaintiff, used or handled the following items that moved in interstate commerce that are necessary for performing ResCare's commercial purpose: food, beverages, cleaning fluids, linens, medical supplies, vehicles, gasoline, automobile oil and cellular telephones.

15.

During 2014, Res-Care had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Res-Care has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

17.

Res-Care is subject to the personal jurisdiction of this Court.

- 4 -

18.

Res-Care may be served with process through its registered agent CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

19.

At all times material hereto, Ms. Hillaire was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

20.

At all times material hereto, Res-Care did not employ Ms. Hillaire in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

21.

At all times material hereto, Res-Care did not employ Ms. Hillaire in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

22.

At all times material hereto, Res-Care did not employ Ms. Hillaire in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

23.

At all times material hereto, Res-Care did not employ Ms. Hillaire in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

24.

At all times material hereto, the facility in which Ms. Hillaire performed her duties housed two or more, non-related individuals.

25.

At all times material hereto, the individuals living at the facility in which Ms. Hillaire performed her duties paid Res-Care for those services.

26.

At all times material hereto, Ms. Hillaire did not perform her duties at an individual home.

27.

At all times material hereto, Res-Care advised Ms. Hillaire that her working hours would be 1:00 p.m. to 9:00 a.m.

28.

At all times relevant hereto, Ms. Hillaire regularly worked from 7:00 a.m. until 11:00 p.m., Monday through Friday.

29.

During the relevant time period, Ms. Hillaire worked three (3) Saturdays on Defendant's behalf.

30.

During the relevant time period, Ms. Hillaire was one of only three (3) full-time employees assigned to the home located on Zemory Drive, Tucker, Georgia.

31.

Res-Care failed to pay Ms. Hillaire for all hours that she worked.

32.

At all times material hereto, Res-Care regularly and customarily undercounted the number of hours that Ms. Hillaire actually worked.

33.

At all times material hereto, Res-Care misclassified Ms. Hillaire as an exempt employee.

## COUNT I — FAILURE TO PAY OVERTIME

34.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

35.

At all times material hereto, Ms. Hillaire has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

36.

During her employment with Res-Care, Ms. Hillaire regularly worked in excess of forty (40) hours each week.

37.

Res-Care failed to pay Ms. Hillaire at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 13, 2014 through April 10, 2014.

38.

Res-Care willfully failed to pay Ms. Hillaire at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 13, 2014 through April 10, 2014.

39.

Ms. Hillaire is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

40.

As a result of the underpayment of overtime compensation as alleged above, Ms. Hillaire is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

41.

As a result of the underpayment of overtime compensation as alleged above, Ms. Hillaire is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT

42.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

43.

Ms. Hillaire and Res-Care were parties to a contract of employment (hereafter "the Contract") from on or about January 13, 2014 through April 10, 2014.

44.

The Contract provided that Res-Care would pay Ms. Hillaire for work that was performed by Ms. Hillaire on behalf of and for the benefit of Res-Care.

45.

Res-Care's failure to pay Ms. Hillaire for all hours she worked from on or about January 13, 2014 through April 10, 2014 constitutes a material breach of the Contract.

46.

As the direct and foreseeable result of this breach, Ms. Hillaire has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT III – QUANTUM MERUIT

47.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

48.

From on or about January 13, 2014 through April 10, 2014, Ms. Hillaire served as a House Manager for Res-Care.

49.

Ms. Hillaire's service as a House Manager for Res-Care as described above was valuable to Res-Care.

50.

Res-Care requested Ms. Hillaire's service as a House Manager.

51.

Res-Care knowingly accepted Ms. Hillaire's service as a House Manager.

52.

The receipt of Ms. Hillaire's services as a House Manager for Res-Care without compensation would be unjust.

53.

Ms. Hillaire expected to be compensated at the time she provided her services as a House Manager.

54.

Ms. Hillaire is entitled to a recover from Res-Care the reasonable value of the services she provided as a House Manager for Res-Care, in an amount to be determined at trial.

## COUNT IV - PROMISSORY ESTOPPEL

55.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

56.

On January 13, 2014, Res-Care promised to pay Ms. Hillaire in return for her service as a House Manager for them.

- 11 -

57.

Res-Care should have reasonably expected that Ms. Hillaire would induce action in reliance of said promise, i.e., serve as a House Manager for Res-Care.

58.

Res-Care's promise induced Ms. Hillaire to act in reliance thereof, i.e., to serve as a House Manager for Res-Care, to her detriment.

59.

Ms. Hillaire's service as a House Manager for Res-Care conferred a benefit on Res-Care.

60.

Res-Care failed to pay Ms. Hillaire in accordance with their promise.

61.

Ms. Hillaire relied on Res-Care's promise.

62.

Ms. Hillaire's reliance on Res-Care's promise was reasonable.

63.

Injustice can only be avoided by enforcement of Res-Care's promise.

64.

Ms. Hillaire is entitled to a recover from Res-Care the reasonable value of the services she provided as a House Manager for Res-Care, in an amount to be determined at trial.

WHEREFORE, Ms. Hillaire respectfully prays:

1. That Ms. Hillaire's claims be tried before a jury;

2. That Ms. Hillaire be awarded an amount to be determined at trial against Res-Care in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Ms. Hillaire have and recover judgment against Res-Care for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Ms. Hillaire be awarded costs of litigation, including her reasonable attorneys' fees from Res-Care; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

_[signature]_

MICHAEL A. CALDWELL
GA. BAR NO. 102775

_[signature]_

CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF