IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LATRICE HILLAIRE, | : | |
| | : | **Civil Action Number:** |
| Plaintiff, | : | |
| | : | **1:14-cv-02916-LMM** |
| vs. | : | |
| | : | |
| RES-CARE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### Joint Motion for Review and Approval of Settlement and Release Agreement

Plaintiff Latrice Hillaire and Defendant Res-Care, Inc., by and through the undersigned counsel, move this Court to review and approve their Settlement Agreement. As grounds for this Motion, the Parties show the Court as follows:

1.

Plaintiff brought this FLSA claim on July 1, 2014 in the Superior Court of DeKalb County, Georgia.

2.

The matter was removed to the United States District Court for the Northern District of Georgia, Atlanta Division. [Dkt. 1]

3.

Based upon the understandings and assessments of each party, the Parties, acting at arms-length, in good faith and with the advice of counsel, have negotiated and entered into a Settlement Agreement.

4.

Pursuant to *Lynn's Food Stores, Inc. v. United States of Am.,* 679 F.2d 1350, 1353 (11th Cir. 1982), judicial approval is required to give effect to Plaintiff's release of her FLSA claims, which is material to the Settlement Agreement.

5.

Once the Court approves the Agreement, and all payments are made, the Parties will file a Stipulation of Dismissal of this case with prejudice.

6.

A true and correct copy of the Agreement is attached hereto as Attachment "A" for the Court's consideration.

7.

The amount to be paid to Plaintiff represents approximately one hundred percent of the amount of back pay and liquidated damages that Plaintiff and her counsel estimate she is owed for unpaid overtime.

8.

Attorneys' fees and costs were negotiated as separate amounts from Plaintiff's settlement amount.  Attorneys' fees and costs did not affect the amount either sought or paid to Plaintiff for her FLSA damages.

9.

The amount to be paid to Plaintiff's counsel for attorneys' fees and costs represent approximately ten percent less than the total attorney fees and costs incurred in prosecuting this action at billing rates appropriate for attorneys and staff of like and similar skills.

10.

The parties further request that the Court retain jurisdiction over this matter.

WHEREFORE, the Parties respectfully request that this Court review and approve their Settlement Agreement.  For the Court's convenience, a proposed Order granting this Motion is attached.

Respectfully submitted this 16th day of April, 2015.

DELONG CALDWELL BRIDGERS &
FITZPATRICK, LLC


*s/ Michael A. Caldwell*
Michael A. Caldwell
Georgia Bar No. 102775


*s/ Charles R. Bridgers*
Charles R. Bridgers
Georgia Bar No. 080791


3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150
(404) 979-3170 (facsimile)
michaelcaldwell@dcbflegal.com
charlesbridgers@dcbflegal.com


COUNSEL FOR PLAINTIFF

BARNES & THORNBURG LLP

*s/ John T.L. Koenig*
John T.L. Koenig
Georgia Bar No. 268782

3475 Piedmont Road, N.E., Suite 1700
Atlanta, GA 30305
(404) 264-4018
(404) 264-4033 (facsimile)
John.Koenig@btlaw.com

COUNSEL FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LATRICE HILLAIRE, | : | |
| | : | **Civil Action Number:** |
| Plaintiff, | : | |
| | : | **1:14-cv-02916-LMM** |
| vs. | : | |
| | : | |
| RES-CARE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CERTIFICATE OF COUNSEL

Pursuant to LR 7.1 NDGa, the below signatory attorney certified that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local LR. 5.1 NDGa.

*s/ John T.L. Koenig*
John T.L. Koenig
Georgia Bar No. 268782

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **LATRICE HILLAIRE,** | : | |
| | : | **Civil Action Number:** |
| **Plaintiff,** | : | |
| | : | **1:14-cv-02916-LMM** |
| **vs.** | : | |
| | : | |
| **RES-CARE, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I electronically filed the foregoing JOINT MOTION FOR REVIEW AND APPROVAL OF SETTLEMENT AGREEMENT using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

Michael A. Caldwell

Respectfully submitted this 16th day of April, 2015.

*s/ John T.L. Koenig*
John T.L. Koenig
Georgia Bar No. 268782

# Attachment A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LATRICE HILLAIRE,                          )
                                           )      Civil Case No. 1:14-cv-2916
                          Plaintiff,       )                    (LMM)
                                           )
              v.                           )
                                           )
RES-CARE, INC.,                            )
                          Defendant.       )

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Plaintiff Latrice Hillaire ("Plaintiff") and Defendant Res-Care, Inc. ("Defendant" or "Company").

### Recitals

A.    On July 1, 2014, Plaintiff filed this action (the "Lawsuit") against Defendant alleging that she was not paid overtime by Defendant as required by the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), and asserted related State law claims.

B.    Defendant denies the substantive allegations of Plaintiff's Complaint.

C.    After Plaintiff filed the Lawsuit, Plaintiff and Defendant (collectively, the "Parties"), through their respective counsel, have carefully and exhaustively engaged in settlement negotiations to ascertain whether a reasonable and fair

settlement of all claims of Plaintiff might be achieved, recognizing: (1) the claims alleged by Plaintiff; (2) the defenses which would be raised by Defendant if this matter were to proceed; and (3) the inevitable risks and expenses of litigation.  This Agreement represents the culmination of those efforts.

D.     Defendant enters into this Agreement based solely on Plaintiff's representation that this Agreement will resolve any and all claims Plaintiff has or could have had against it.

In consideration of the mutual covenants and promises contained in this Agreement, and subject to the approval of the Court, the Parties agree as follows:

**Agreement**

1)     **Recitals.**   The Parties acknowledge that the recitals preceding this Paragraph 1 are true and correct, and are incorporated herein as material parts to this Agreement.

2)     **Definition.**   Throughout this Agreement, the term "Released Parties," when capitalized and used alone, shall encompass the following:

        a)     Res-Care, Inc., and any other subsidiary, parent company, affiliated entity, related entity, or division of any of the foregoing; and

    b)    Any current or former officer, director, trustee, agent, employee, insurer, shareholder, attorney, representative, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan), of any entity referenced in or encompassed by subparagraph 2(a).

3)    **Employment.**  Plaintiff agrees that as a condition of this Agreement, she will not seek employment with the Released Parties at any time and should she apply in the future, her application for employment will not be considered by the Released Parties and will be null and void.

4)    **Payment.**  In exchange for the promises set forth in this Agreement, and contingent upon Plaintiff executing this Agreement and it becoming effective as hereinafter defined, Defendant shall pay the total gross sum of Sixteen Thousand Four Hundred Forty-Six and 92/100 Dollars ($16,446.92), less all applicable taxes and withholdings, which total gross sum shall be allocated and paid as follows:

    a) One payment to Latrice Hilaire for $2,500 in back wages from which the company will make withholdings consistent with past practices and will report said payment on an IRS Form W-2;

    b) One payment to Latrice Hilaire for $2,500 for liquidated damages from which the company will not withhold any additional amounts and will report said payment on an IRS Form 1099-MISC marking box 3 other income;

3

   c) Hilaire's payments shall be in in full and final satisfaction of any claims for damages or other relief sought or which could have been sought in the Lawsuit; and

   d) a check made payable to "Michael A. Caldwell, Attorney" in the amount of Eleven Thousand Four Hundred Forty-Six and 92/100 Dollars ($11,446.92), for all attorneys' fees, costs, and expenses relating to the Lawsuit, which amount will be reported on an IRS Form 1099 issued to both Plaintiff and Plaintiff's counsel, provided that Plaintiff's counsel has also delivered to Defendant's counsel a completed IRS Form W-9.

Assuming Plaintiff's counsel delivers to Defendant's counsel the completed IRS Forms W-9 contemplated above, then within ten (10) business days of the Effective Date, Company's counsel shall deliver to Plaintiff's counsel the settlement checks contemplated by Subparagraphs 4(a) and 4(b).

In paying the amount specified in this Paragraph 4, the Released Parties make no representation as to the tax consequences or liability arising from said payments. Moreover, the Parties understand and agree that any tax consequences and/or liability arising from the payments to Plaintiff and Plaintiff's counsel shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees that she will pay any and all taxes which may be determined to be due in connection with the payments described in this Paragraph 4. Plaintiff also agrees to indemnify the Released Parties for any and all tax liability (including, but not limited to, fines, penalties, interest, and costs and expenses, including attorneys' fees) arising from or relating to the payments described in this Paragraph 4 and/or imposed by the Internal

4

Revenue Service, the state of Georgia, or any other taxing agency or tribunal as a result of Plaintiff's failure to make proper tax payments on said payments or any portion thereof.

All payments described in this paragraph reflect consideration provided to Plaintiff over and above anything of value to which Defendant alleges she is already entitled.  Plaintiff further acknowledges and agrees that the consideration included in this Paragraph 4 is the maximum sum ever to be due Plaintiff from the Released Parties for events or omissions which occurred prior to the Effective Date of this Agreement, and she hereby relinquishes and waives any rights to other forms of payment, property or benefits which allegedly accrued prior to the Effective Date under any policy or agreement, whether written, oral, express or implied.

5)    **General Release and Waiver of Claims.**  Plaintiff (for herself, her agents, assigns, heirs, executors, and administrators) agrees to dismiss with prejudice the Lawsuit by execution of a Stipulation of Dismissal with Prejudice, reciting that each party shall bear its own costs, expenses, and attorneys' fees, and Plaintiff authorizes her Counsel to execute such stipulation on her behalf.  Plaintiff (for herself, her agents, assigns, heirs, executors, and administrators) releases and discharges the Released Parties from any claims which were or which could have

been asserted in the Lawsuit and any claim, demand, action, or cause of action, known or unknown, which arose at any time from the beginning of time to the date she executes this Agreement, and waives all claims against the Released Parties, including but not limited to, all claims relating to, arising out of, or in any way connected with her relationship with the Released Parties, the cessation of her relationship with the Released Parties, the compensation or benefits payable in connection with that relationship or the cessation of that relationship and/or any other interaction with the Released Parties, including (without limitation) any claim, demand, action, or cause of action, including claims for attorneys' fees, based on but not limited to:  (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*; (b) The Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.*; (c) The Equal Pay Act, as amended, 29 U.S.C. § 206, *et seq.*; (d) The Lilly Ledbetter Fair Pay Act of 2009; (e) The Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*; (f) the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*; (g) The Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.*; (h) The Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681 *et seq.*; (i) The Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.*; (j) The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; (k) the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, and any similar state law;

(l) The Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*; (m) any agreement, representation, promise, understanding, policy, practice, or potential entitlement (regardless of the source); (n) past or future wages, severance, compensation, vacation pay, benefits, bonuses, commissions, fringe benefits, or other forms of consideration, payment, or remuneration, except for claims to enforce payment of the sums explicitly identified in Paragraph 4; (o) Georgia Equal Employment for Persons With Disabilities Act, Ga. Code §§ 34-6A-1, *et seq.*; (p) Georgia Prohibition of Age Discrimination in Employment Act, Ga. Code §§ 34-1-2(a) *et seq.*; (q) Georgia Sex Discrimination in Employment Act, Ga. Code §§ 34-5-1, *et seq.*; (r) Georgia Common Day of Rest Act, Ga. Code §§ 10-1-570 to 10-1-576, *et seq.*; (s) Ga. Code § 38-2-280; (t) any other Georgia law related to the workplace or employees, including without limitation the Georgia Fair Employment Practices Act, the Georgia Equal Pay Act, and any wage-related law including, but not limited to, Ga. Code § 34-7-2; and (u) any other federal, state, or local law, whether arising or emanating from statute, executive order, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and/or any doctrine of good faith and fair dealing.  Notwithstanding the foregoing, this release does not apply to any rights or claims that may arise after the date Plaintiff executes this Agreement; nor shall any provision in this Agreement be interpreted to waive or

extinguish any rights, claims, or processes which may not under any circumstances be infringed, limited, waived or extinguished.

6) **Stipulation of Dismissal with Prejudice.** The Parties agree that their respective counsel are authorized to file with the Court a Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit "A."

7) **Non-Admission.** The Parties agree that this Agreement does not render Plaintiff a prevailing party in any legal action and that it is not and shall not be considered an admission of liability or wrong-doing by Defendant.  Defendant hereby denies the allegations made in the Lawsuit and affirmatively states that nothing contained in this Agreement, or any action on the part of Defendant in resolving this matter, shall be considered or construed as an admission by Defendant of any wrongful conduct or violation of any law, rule, or regulation, or that Plaintiff was entitled to any relief in any form whatsoever for any action taken by Defendant. Defendant hereby states that its sole and exclusive purpose for settling this matter is to avoid the further time and expense associated with defending against the Lawsuit, and not because Plaintiff was entitled to any type of relief, payment, or consideration of any kind or nature whatsoever.

8) **Confidentiality**. The Parties recognize and understand the importance of maintaining the confidentiality of each and every term of this Agreement.  To this

8

end, Plaintiff agrees to keep all terms and conditions of this Agreement strictly confidential, and will never disclose any information concerning this Agreement to anyone other than the Court, legal counsel, tax advisor(s) or spouse(s), *provided that* the Plaintiff shall inform her legal counsel, tax advisor(s), or spouse that she is bound by this confidentiality provision, and prior to any such disclosure to any such person, require that such person agree to abide by the terms of this provision and not disclose any information concerning this Agreement.  If asked, Plaintiff and her counsel may state only that "the litigation has been resolved."  Any further communications or disclosures about the settlement, this Agreement or the terms and conditions thereof are prohibited.  Plaintiff agrees that, in the event she is compelled by court order or process to disclose any terms of this Agreement, she shall immediately notify legal counsel for Defendant by telephone (404) 846-1693, facsimile (404) 264-4033, or certified mail addressed to:   John T.L. Koenig, Barnes & Thornburg, LLP, Prominence in Buckhead, 3475 Piedmont Road, N.E., Suite 1700, Atlanta, GA 30305-2954.

Plaintiff acknowledges that disclosure of the terms or amounts of this Agreement (by Plaintiff or anyone she has told) would cause irreparable harm to Defendant but in an amount incapable of precise determination. The Parties agree that, in the event any portion of Paragraph 8 is violated, the remainder of the

Agreement shall remain in effect.  By signing this Agreement, the Parties agree that Paragraph 8 is reasonable and fair.

9)   **Conditions.**   Should Plaintiff or her agents ever breach any provision or obligation under this Agreement, she agrees to pay all damages incurred by Released Parties following and/or as a result of her breach.  Plaintiff and Defendant further agree that the prevailing party in any litigation regarding a breach of this Agreement shall be entitled to recover litigation costs, expenses, and reasonable attorneys' fees.  Nothing in this Paragraph is intended to limit or restrict any other rights or remedies Released Parties may have by virtue of this Agreement or otherwise.

10)   **Successors.**   This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, heirs and assigns of Defendant and each past, present, or future employee, agent, representative, officer, or director of Defendant and any division, subsidiary, parent, or affiliated entity.

11)   **No Other Claims Pending.**   Other than the Lawsuit, Plaintiff represents and warrants that she has not filed or otherwise initiated any other complaint or claim against the Released Parties based on events occurring prior to and including the date she executes this Agreement.  Plaintiff further represents and warrants that, as of the date she executes this Agreement, she is unaware of any

outstanding claims against the Released Parties, except for the Lawsuit, which she agrees by this Agreement to dismiss with prejudice.

12)   **Severability**.  The provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions.   In the unlikely event that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

13)   **Applicable Law**.  This Agreement shall be interpreted, enforced, and governed under the laws of Georgia.

14)   **Nonwaiver.**  The waiver by Defendant of a breach of any provision of this Agreement by Plaintiff shall not operate or be construed as a waiver of any subsequent breach by Plaintiff.

15)   **No Presumption/Representation by Counsel.**   The Parties acknowledge and agree that this Agreement was drafted mutually by the Parties and shall, in all cases, be interpreted as a whole according to its fair meaning and not strictly for or against any of the Parties.  If any ambiguity or question of intent or interpretation arises, no presumption or burden of proof shall arise favoring or

disfavoring any party by virtue of authorship of any provisions of this Agreement. The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

16)   **Attorney Fees, Costs and Expenses.**  Except as otherwise specifically provided herein, Defendant and Plaintiff shall bear responsibility for their own attorneys' fees, costs and expenses, taxable or otherwise, incurred by them or arising out of the Lawsuit.

17)   **Modification of Agreement.**  This Agreement may not be modified or amended except in writing, signed by the respective Parties and approved by the Court.

18)   **Complete Agreement.**  This Agreement, including any exhibits, sets forth the complete agreement between the Parties.  Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any duty or responsibility Plaintiff may have or owe to the Released Parties by virtue of any separate agreement or otherwise.  Plaintiff represents and acknowledges that in executing this Agreement she does not rely and has not relied upon any representations or statements not set forth herein made by the Released Parties with regard to the subject matter, basis, or effect of this Agreement or otherwise.

19)   **Counterparts.**  This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement.  All counterparts of any such document together shall constitute one and the same instrument.

20)   **Confirmation of Final Fees and Costs.**  Plaintiff's counsel warrant and represent that other than the payment provided for in Subparagraph 4(b) of this Agreement, they will not seek any additional costs, attorneys' fees or other litigation expenses arising out of this Lawsuit.

**Ms. Hillaire acknowledges that she has been advised to consult with an attorney prior to execution of this Agreement and that she has been given a period of seven (7) calendar days within which to consider this Agreement.  Ms. Hillaire represents and agrees that she has fully read and understands the meaning of this Agreement and is voluntarily entering into this Agreement with the intention of giving up all claims against Res-Care, Inc. and Released Parties. Ms. Hillaire acknowledges that she is not entering into this Agreement relying on any representations by Res-Care, Inc. or Released Parties concerning the meaning of any aspect of this Agreement.**

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement on the dates indicated below.

**Plaintiff**                                           **Res-Care, Inc.**

*Latrice Hillaire*
Latrice Hillaire                                        _____

Dated: ____4- 7- 15____                                 Dated: _____

**Plaintiff's Counsel**

By: ___*Cho R Bridg*_____
       Michael A. Caldwell
       *Chorus R Bridges*
Dated: ___4-7-15_____

       *Approved as to form ...*

14